IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:14-00050-07

STACY SHEPARD

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's motion to produce (ECF No. 198), requesting copies of the interim reports required by the order implementing wiretaps in this case. The Government has filed a response opposing the motion, ECF No. 223, and the time to file a reply has expired. The motion is ripe for resolution. For the reasons explained below, the motion is **DENIED**.

Federal law explains a judge's authority to order interim reports regarding wiretap progress, *see* 18 U.S.C. § 2518(6), but does not provide a statutory right for a defendant to access these reports. Defendant cites to *United States v. Quintana*, 508 F.2d 867 (7th Cir. 1975) for the proposition that interim reports are a factor to be considered when assessing the good faith efforts made by the Government. *Quintana* discusses a judge's authority to request interim reports, *id.* at 875, but does not discuss a defendant's ability to view these reports. Defendant explains that *Quintana* was cited favorably by the Fourth Circuit in *United States v. White*, 519 F. App'x 797 (4th Cir. 2013); however, like *Quintana*, *White* does not discuss a defendant's ability to access interim reports.

The Court notes that in at least one case, a court has ordered an *in camera* hearing to review interim reports to determine if a defendant should then be allowed to access them. *See*

1

*United States v. Willis*, 578 F. Supp. 361, 362-65 (N.D. Ohio 1984) (deciding "to lend credence to petitioner's claim that he simply did not have access to any additional information on which he could have based his belief that either the initial authorizations or the subsequent extensions may have been unlawfully granted"). Other courts, however, have rejected defendants' requests to view interim reports. *See, e.g.*, *United States v. Arnett*, No. 04-CR-285, 2005 WL 6111778, at *5-8 (E.D. Wis. Apr. 13, 2005) (noting that, "to determine compliance with the [wiretap] order, all that the defense must have is the order and the results, i.e. the tapes and/or transcripts," and "the defendants' suggestion that such progress reports might contain exculpatory information is too speculative to warrant their disclosure"); *United States v. Chimera*, 201 F.R.D. 72, 76-78 (W.D.N.Y. 2001) (noting the burden of an *in camera* review when there was "no reasonable probability" of finding relevant information); *United States v. Orozco*, 108 F.R.D. 313, 315-17 (S.D. Cal. 1985) (denying request to disclose reports, in part because "such reports are, for the most part, summaries of interceptions and do not provide any statements or exculpatory information not also required to be disclosed in its original form"); *United States v. Marchman*, 399 F. Supp. 585, 586 (E.D. Tenn. 1975) ("[I]t appears that access to these reports is unnecessary since defendant has been given access to the Application and Order and has had the opportunity to listen to all of the tapes of the intercepted communications. The so-called progress reports are not required by law and the matter is left to the discretion of the issuing judge.")

      This Court declines to follow *Willis* and instead, in accordance with the other cases noted above, rejects Defendant's request to view the interim reports. Interim reports serve the distinct purpose of keeping the Court informed of developments as a wiretap progresses and federal law does not provide a right for Defendant to access these reports. The reports merely summarize information which is available to Defendant through other formats from government agencies.

For these reasons, the Court **DENIES** Defendant's motion.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER: May 12, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE